Dear Mr. Charles W. Turnbaugh
You have asked for our opinion whether, under Maryland law, a bank loan officer engages in the unauthorized practice of law if the loan officer completes a mortgage loan form generated by computer.
In our opinion, the use of a computer by a lay person to generate and complete a standardized mortgage loan form does not constitute the unauthorized practice of law when the individual simply inserts factual information in blanks on the form.
 I Background
You advise that it has been a longstanding practice of banks and other authorized lenders to use fill-in-the-blank forms to document loans, including mortgages. As a result of technological advances, computer software is now used to generate the forms. You indicate that the question whether a non-lawyer may properly complete such forms was prompted by a letter from a local attorney, who reported that another law firm had advised a client bank that the use of computer-generated loan documents might constitute the unauthorized practice of law.[1] Your correspondent related that the bank documents a residential loan transaction using the following procedures:
Upon approval of a residential real estate loan by the bank's loan committee, the loan officer completes the blanks in the various mortgage loan documents with the borrower's name, the amount of the loan, the address of the real property collateral, and other factual information found in the loan approval form. The loan officer attaches a legal description of the property prepared by the title insurance company that issued a title insurance policy as part of the transaction.
The attorney supplied two sample forms generated by computer. One is a eed of trust that bears the legend: "Maryland — Single Family — Fannie Mae/Freddie Mac Uniform Instrument." The information to be completed on the form includes the date; the names of borrowers, lender, and trustees; the date, amount, and term of the promissory note; and the address of the collateral property and a cross-reference to its description. The second form is a promissory note that bears the legend "Multistate Fixed Rate Note — Single Family — Fannie Mae/Freddie Mac Uniform Instrument." The information to be supplied on that form includes the date of the note; the address of the property; the names of lender and borrowers; the principal and interest rate of the loan; the amount, dates, and place of payments; the length of the grace period; and the amount of the overdue charge.
If, at or prior to closing, the borrower asks questions about the meaning of any of the mortgage loan documents, the loan officer informs the borrower that the loan officer is unable to answer those questions and encourages the borrower to retain legal counsel. A bank official signs the deed of trust as a party to the instrument.[2]
 II Regulation of the Practice of Law
Responsibility for regulation of the practice of law in Maryland is shared by the legislative and judicial branches in a "comfortable accommodation." Public Service Comm'n v. Hahn Transportation, Inc.,253 Md. 571, 583, 253 A.2d 845 (1969). In the Maryland Lawyers' Act, Annotated Code of Maryland, Business Occupations Professions Article ("BOP"), § 10-101 et seq., the Legislature has defined the practice of law as follows:
(1) "Practice law" means to engage in any of the following activities:
(i) giving legal advice;
(ii) representing another person before a unit of the State government or of a political subdivision; or
(iii) performing any other service that the Court of Appeals defines as practicing law.
(2) "Practice law" includes:
(i) advising in the administration of probate of estates of decedents in an orphans' court of the State;
(ii) preparing an instrument that affects title to real estate;
(iii) preparing or helping in the preparation of any form or document that is filed in a court or affects a case that is or may be filed in a court; or
(iv) giving advice about a case that is or may be filed in a court.
BOP § 10-101(h). This definition recognizes the role of the Court of Appeals in determining what constitutes the practice of law.
The Court of Appeals has stated that the "practice of law includes utilizing legal education, training, and experience to apply the special analysis of the profession to the client's problem." Attorney Grievance Commission v. Shaw, 354 Md. 636, 649, 732 A.2d 876 (1999). The Court stated that it connotes "much more than merely working with legally-related matters. . . . The focus of the inquiry is, in fact, whether the activity in question required legal knowledge and skill in order to apply legal principles and precedent." Id. (citations omitted).
State law forbids the practice of law by one who is not a lawyer. BOP § 10-601. The unauthorized practice of law may be enjoined in a civil action and also is a criminal misdemeanor. BOP §§ 10-406, 10-606.
Given the "inevitably imprecise definition" of the practice of law, it has been left to the courts to construe it on a case-by-case basis. 80 Opinions of the Attorney General 138, 141 (1995). It is well established that a lay person may not prepare and file pleadings or represent a litigant at the trial of a contested case. Public Service Comm'n v. Hahn Transportation, Inc., supra (representation at hearings before Public Service Commission). The preparation and interpretation of legal documents and the application of legal principles to complex problems has been held to constitute the practice of law when it requires "more than the most elementary knowledge of law." Lukas v. Bar Association of Montgomery County, 35 Md. App. 442, 448, 371 A.2d 669, cert. denied, 280 Md. 733
(1977) (representation before Workmen's Compensation Commission and Personnel Board). However, the performance of "mechanical functions," such as the completion of forms or clerical work, does not constitute the practice of law. Id.
Applying the distinction articulated by the courts, this Office has concluded that lay assistance with certain standard forms does not transgress the prohibition against unauthorized practice of law. 65 Opinions of the Attorney General 28 (1980) (nonlawyers may fill out forms and perform "purely mechanical functions" for workers' compensation claimants). Similarly, we have distinguished the provision of information about legal rights from advice about whether and how to exercise such rights. 79 Opinions of the Attorney General 174 (1994) (social worker may inform a birth parent of limited statutory right to revoke consent to adoption of child).
In a 1995 opinion, this Office applied those principles to provide guidance on the range of services that lay advocates in a domestic violence program could provide without engaging in the unauthorized practice of law. 80 Opinions of the Attorney General 138 (1995). We advised that lay advocates could, without practicing law, offer information to victims about their legal rights and remedies, provide a general orientation or overview about court proceedings, and help victims fill out form pleadings by defining terms or transcribing the victim's dictation onto the form. Id. at 142 — 44. On the other hand, we concluded that lay advocates would be practicing law if they helped a victim decide whether to invoke a particular right or pursue a particular remedy, advised how to present a case, filled out form pleadings by selecting the information to be included from that provided by the client, or lobbied the prosecutor on behalf of a particular course of action in an individual case. Id.
 III Analysis
You have asked whether a non-lawyer loan officer engages in the unauthorized practice of law if the loan officer completes blanks of a computer-generated loan form.[3] As the process has been described to us, the loan officer does not draft or alter the provisions of the form, but merely inserts factual information — e.g., name of borrower, address of property, description of property from the title insurance company — in existing blanks in the form. If a borrower asks a legal question, the loan officer not only refrains from offering legal advice, but affirmatively advises the borrower to obtain counsel.
At least one of the forms in question — the deed of trust — is "an instrument that affects title to real estate." Under BOP § 10 — 101(h)(2)(ii), the "preparation" of such a document is encompassed within the statutory definition of the "practice of law." However, the sample form provided to us appears to be a widely used standard form that was likely prepared by or approved by attorneys for one or more financial institutions. In completing such a form with factual information, the loan officer is performing the sort of "mechanical function" that has been distinguished from the practice of law in the decisions of the courts and opinions of this Office. See, e.g., Lukas v. Bar Association of Montgomery County, 35 Md. App. 442, 448, 371 A.2d 669, cert. denied, 280 Md. 733
(1977); 65 Opinions of the Attorney General 28 (1980).[4]
In our view, this conclusion is consistent with the underlying purpose of the prohibition against the unauthorized practice of law, which is, in essence, a consumer protection law. See In re Application of R.G.S.,312 Md. 626, 638, 541 A.2d 977 (1988) (purpose of prohibition against unauthorized practice is to protect the public from "incompetent, unethical, or irresponsible representation"). In reality, many mortgage documents have become standardized with the development of the secondary mortgage market over the past 30 years. In these circumstances, there appears to be little consumer benefit to requiring that an attorney complete the form — and little threat that the absence of an attorney will result in the consumer harm that the prohibition against unauthorized practice is designed to prevent.
While there is some authority in other jurisdictions that the selection and completion of printed legal forms can constitute the practice of law,[5] the weight of recent authority is that the insertion of factual information in standardized forms by a non-lawyer lender is not the unauthorized practice of law. See Dressel v. Ameribank,664 N.W.2d 151 (Mich. 2003) (lender's completion of standard mortgage forms available to the public did not constitute the unauthorized practice of law); Perkins v. CTX Mortgage Co., 969 P.2d 93 (Wash. 1999) (en banc) (the entry of objective data on standard home loan forms by a lay person employed by a mortgage company carries little risk of consumer harm and does not constitute the unauthorized practice of law); Michalowski v. Flagstar Bank, FSB, 2002 WL 113905 (N.D.Ill. 2002) (bank that prepared mortgage and note without purporting to offer legal advice not engaged in unauthorized practice of law); cf. 1996 N.Y. Op. Atty. Gen. 46, 1996 WL 710801 (mere insertion of factual information by real estate broker into contract forms that had been approved by bar association and realtors' association did not constitute unauthorized practice of law if performed incidental to real estate transaction and without the assessment of a separate fee).
Finally, an expansive interpretation of the "practice of law" to encompass the insertion of factual information on standardized forms might raise antitrust issues. The United States Department of Justice and the Federal Trade Commission, in joint letters to various bar associations, have warned that statutes or rules that expansively define "the practice of law" may run afoul of the federal antitrust laws by limiting beneficial competition between lawyers and nonlawyers with respect to certain services, without providing a significant benefit to consumers of those services. See, e.g., Letter to Task Force on the Model Definition of the Practice of Law (December 20, 2002) ("ABA Letter")[6]; Letter to Task Force to Define the Practice of Law in Massachusetts (December 16, 2004) ("Massachusetts Letter")[7]; Letter to Kansas Bar Association (February 4, 2005).[8] Among the examples of services cited by the antitrust enforcement agencies were the conduct of real estate closings by non-lawyer realtors and the use of interactive computer software to complete wills, trusts, and other legal documents. ABA Letter at p. 4 The ABA Letter noted that legal form software packages can be significantly less expensive than hiring an attorney to draft a document, and that such services "plainly benefit consumers." Id. at p. 5.[9]
 IV Conclusion
In our opinion, the use of a computer by a lay person to generate and complete a standardized mortgage loan form does not constitute the unauthorized practice of law when the individual simply inserts factual information in blanks on the form.
J. Joseph Curran, Jr.
Attorney General
Robert N. McDonald Chief Counsel Opinions Advice
[1] The attorney who wrote you takes the position that the use of computer-generated forms is not the unauthorized practice of law. He was apparently unable to furnish us with the memorandum or letter of the law firm that took the contrary position.
[2] Under Annotated Code of Maryland, Real Property Article, § 3 — 104(f)(1), a deed of trust may not be recorded unless it bears a certification stating that it was prepared by or under the supervision of an attorney or by one of the parties to the instrument. The bank provides this certification.
[3] The letter does not indicate whether the loan officer completes the form manually or electronically. We would reach the same conclusion in either event.
[4] The advance of information technology that has allowed for the design of sophisticated interactive computer software may raise other, more difficult questions concerning the unauthorized practice of law. For example, in Unauthorized Practice of Law Committee v Parsons Technology, Inc., 1999 WL 47235 (N.D.Tex. 1999), the court held that the publication and sale of Quicken Family Lawyer, a software program including various interactive legal forms, could be enjoined in Texas as the unauthorized practice of law. The Texas legislature later essentially overruled that decision by amending its unauthorized practice of law statute to exempt computer software if the product states that it is "not a substitute for the advice of an attorney." 179 F.3d 956 (5 Cir. 1999). See also Underwood, Balancing Consumer Interests in a Digital Age: A New Approach to Regulating the Unauthorized Practice of Law, 79 Wash. L.Rev. 437 (2004).
[5] See, e.g., Doe v. McMaster, 585 S.E.2d 773 (S.C. 2003) (lender's preparation of title documents without supervision of an attorney is unauthorized practice of law). There is also a significant division of authority in other jurisdictions as to whether a lay person may conduct a real estate closing. See Annotation, Unauthorized Practice of Law — Real Estate Closings, 119 ALR 5th 191.
[6] The ABA Letter is posted at www.ftc.gov/opa/2002/12/letter toaba.htm.
[7] The Massachusetts Letter is posted at www.ftc.gove/os/2004/12/041216massuplltr.pdf.
[8] This letter is posted at www.usdoj.gov/atr/public/comments/207619.htm.
[9] The federal agencies observed that a requirement that a lawyer prepare or complete certain legal documents would not guarantee that consumers would have the benefit of independent or experienced counsel, as real estate loan work could be done by the lender's counsel. See ABA Letter at p. 8; Massachusetts Letter at p. 11. *Page 109